# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONNIE LAWSON, | Civil No. 3:17-cv-2276 |
| Plaintiff | (Judge Mariani) |
| v. | |
| USP-LEWISBURG FOOD SERVICES AND HEALTH SERVICES, | |
| Defendants | |

## MEMORANDUM

Plaintiff Ronnie Lawson ("Lawson"), an inmate currently confined at the United States Penitentiary, Lewisburg, Pennsylvania, ("USP-Lewisburg"), filed the above-captioned action pursuant to *Bivens*.[1] (Doc. 1). Named as Defendants are the Food and Health Service Departments at USP-Lewisburg. (*Id.*). Previously by Order dated January 26, 2018, the Court dismissed this action due to Lawson's failure to submit the proper prisoner authorization form required to proceed *in forma pauperis*. (Doc. 7). Presently pending before the Court is Lawson's motion (Doc. 8) for reconsideration of this Court's January 26, 2018 Order. For the reasons set forth below, the motion for reconsideration will be denied.

## I. Motion for Reconsideration Standard of Review

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quineros*, 176 F.3d 669, 677 (3d Cir. 1999), *citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration* 915 F. Supp. 712 (M.D. Pa. 1996), *quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts

have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## II. Discussion

In the instant motion, Lawson has simply re-filed this Court's January 26, 2018 Order with a notation that he submitted the prisoner authorization form. (Doc. 8). However, to date, the Court has not received the prisoner authorization form that is required to proceed *in forma pauperis* in this civil rights action. Thus, the Court finds that Lawson fails to establish any grounds warranting reconsideration of the January 26, 2018 Order. He fails to advance an intervening change in controlling law, to present newly found evidence, or to establish that a clear error of law or fact exists. Nor does he establish that the Court came to its conclusions by way of some gross misunderstanding of the facts or law of this case. Consequently, the motion for reconsideration will be denied.

A separate Order shall issue.

Date: May 2, 2018

Robert D. Mariani
United States District Judge